IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  13-cv-01050 |
| | ) | |
| MICHAEL A. STAHLNECKER | ) | |
| 1701 Fallsway Dr. | ) | |
| Crofton, MD 21114 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR FEDERAL TAXES

The United States of America complains and alleges against the defendants as follows:

1.  This is a civil action in which the United States of America seeks to reduce to judgment the federal tax assessments made against Michael A. Stahlnecker ("Taxpayer") for the liabilities described in paragraphs 11 and 15, below.

## JURISDICTION AND VENUE

2.  The Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action, and it is brought at the direction of the Attorney General of the United States under the authority of 26 U.S.C. § 7401.

3.   Jurisdiction of this action is conferred on the Court by 28 U.S.C. §§ 1340 and 1345 and by 26 U.S.C. § 7402.

4.    Venue is proper in this district under 28 U.S.C. §§ 1655, 1391(b), and 1396

       because defendant taxpayer Michael A. Stahlnecker resides within this judicial

       district, and the Taxpayer's tax liabilities accrued in this judicial district.

## PARTIES

5.    Plaintiff is the United States of America.

6.    Defendant taxpayer Michael A. Stahlnecker is a resident of Crofton, Maryland,

       which is within the jurisdiction of this Court.

## REDUCE ASSESSMENTS TO JUDGMENT

7.    The United States incorporates by reference the allegations set forth in

       paragraphs 1 through 6 above.

8.    Michael Stahlnecker was a person who was required to withhold, collect, and

       pay over to the Internal Revenue Service the federal income, Medicare, and social

       security taxes withheld from the wages of the employees of CSSI, Inc.

9.    Michael Stahlnecker was the president of CSSI, Inc., had check-signing authority,

       and signed corporate checks for CSSI, Inc.  Stahlnecker also signed CSSI, Inc.'s

       federal employment tax returns (Form 941) for the periods ending September 30,

       2000 and December 31, 2000.  While Stahlnecker was in charge at CSSI, Inc., CSSI,

       Inc. paid other creditors instead of paying the withholding taxes over to the

       United States.

10. Michael Stahlnecker was responsible for withholding, collecting, and paying over CSSI, Inc.'s trust fund taxes to the United States, and willfully failed to do so.

11. Pursuant to 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury assessed against Michael A. Stahlnecker, under 26 U.S.C. § 6672, the trust fund recovery penalties for the taxable periods described below on April 14, 2003.  These assessments represent the federal income, Medicare and social-security taxes that were withheld from the wages of the employees of CSSI, Inc. for the taxable periods described below that were not paid over to the United States.  The tax periods for the trust fund recovery penalties and the amounts of the assessments pertaining to CSSI, Inc. are as follows:

| Period Ending | Amount of Original Assessment |
|---|---|
| September 30, 2000 | $31,636.43 |
| December 31, 2000 | $38,029.76 |

12. Michael Stahlnecker was a person who was required to withhold, collect, and pay over to the Internal Revenue Service the federal income, Medicare, and social-security taxes withheld from the wages of the employees of MBC Technologies, Inc.

13. Michael Stahlnecker was the President of MBC Technologies, Inc., had check-signing authority, and signed corporate checks for MBC Technologies, Inc.

While Stahlnecker was in charge at MBC Technologies, Inc., MBC Technologies, Inc. paid other creditors instead of paying the withholding taxes over to the United States.

14. Michael Stahlnecker was responsible for withholding, collecting, and paying over MBC Technologies, Inc.'s trust fund taxes to the United States, and willfully failed to do so.

15. Pursuant to 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury assessed against Michael A. Stahlnecker, pursuant to 26 U.S.C. § 6672, the trust fund recovery penalties for the taxable periods described below on September 15, 2008.  These assessments represent the federal income, Medicare and social-security taxes that were withheld from the wages of the employees of MBC Technologies, Inc. for the taxable periods described below that were not paid over to the United States.  The tax periods for the trust fund recovery penalties and the amounts of the assessments pertaining to MBC Technologies, Inc. are as follows:

| Period Ending | Amount of Original Assessment |
| --- | --- |
| June 30, 2005 | $67,574.71 |
| September 30, 2005 | $52,307.15 |
| December 31, 2005 | $31,460.57 |
| March 31, 2006 | $59,787.90 |
| June 30, 2006 | $35,809.94 |
| September 30, 2006 | $35,298.86 |

| December 31, 2006 | $27,402.46 |
|---|---|
| September 30, 2007 | $14,648.43 |
| December 31, 2007 | $2,694.90 |

16. Notice and demand for the payment of the tax assessments set forth in paragraphs 11 and 15 above were given to Michael Stahlnecker in accordance with 26 U.S.C. § 6303.

17. Statutory additions for interest and penalties have accrued and will continue to accrue on the unpaid balance of the assessments set forth in paragraphs 11 and 15 above.

18. Michael Stahlnecker has failed to pay the United States the full amount owed as a result of the tax assessments made against him.

19. By reason of the foregoing, Michael Stahlnecker is indebted to the United States for unpaid federal taxes in the amount of $485,732.50 as of March 11, 2013, plus interest and costs that have accrued and will continue to accrue thereafter according to law.

WHEREFORE, the United States of America, respectfully prays for judgment as follows:

(a)   That the Court grant judgment in favor of the United States and against Michael Stahlnecker for unpaid taxes in the amount of $485,732.50 as of March 11, 2013, together with all interest and penalties that have accrued and will continue to accrue thereafter according to law;

5

//

(b)    That the Court grant the United States its reasonable attorneys' fees and

costs incurred in prosecuting this civil action; and

(c)    That the Court grant such other and further relief as the Court may deem

just and proper under the circumstances.

Dated: April 9, 2013

ROD J. ROSENSTEIN
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

/s/ Claire H. Taylor
CLAIRE H. TAYLOR
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227-Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-1427
Facsimile: (202) 514-6866
 Email: claire.h.taylor@usdoj.gov